UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DAVID GALVAN, and § | |
| GARRICK NAUMANN, § | |
| § | |
| Plaintiffs, § | |
| § | CIVIL ACTION NO. 5:23-cv-537 |
| v. § | |
| § | |
| EDDY ENTERPRISES, LLC, § | |
| dba TEXAS TREE SERVICE, and § | |
| JERRY EDDY, § | |
| § | |
| Defendants. § | |

## ORIGINAL COMPLAINT

This is an action for unpaid wages brought pursuant to the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Texas Minimum Wage Act ("TMWA"), Texas Labor Code § 62 *et seq.*, and Texas state law breach of contract. Plaintiffs David Galvan and Garrick Naumann worked hauling brush for Defendants' tree maintenance company, Texas Tree Service. Plaintiffs also worked as maintenance workers on Trophy Ridge Ranch, an exotic species hunting ranch and lodge owned and operated by Defendants. Defendants did not pay Plaintiffs the required overtime pay, even though they regularly worked between 50 and 60 hours per week, and sometimes more. In addition, Defendants failed to pay Plaintiff Galvan at all for the final week of his work, resulting in minimum wage violations and breach of his employment contract. Defendants also took illegal deductions from Plaintiffs' wages, resulting in overtime violations and breaches of their employment contracts.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 because the state law claims are so closely related to the federal claim that they form part of the same case or controversy.

2. This Court has personal jurisdiction over the Defendants because each Defendant has sufficient contacts with this forum to give this Court general jurisdiction over each Defendant.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

4. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

5. Plaintiff David Galvan is an individual residing in Kerr County, Texas and has consented to the filing of this action for violations of the FLSA (*see* Exhibit A) and TMWA (*see* Exhibit B).

6. Plaintiff Garrick Naumann is an individual residing in Kerr County, Texas and has consented to the filing of this action for violations of the FLSA (*see* Exhibit A).

7. Defendant Eddy Enterprises, LLC is a limited liability company based in Texas. Defendant can be served through its registered agent, John Carlson, at 717 Sidney Baker Street, Kerrville, Texas 78028.

8. Defendant Jerry Eddy is an individual residing in Kerr County, Texas and may be served at his residential address, at 2180 Medina Highway, Kerrville, Texas 78028.

## FACTS

9. At all times relevant to this action, Defendant Eddy has been the sole officer and director of Defendant Eddy Enterprises, LLC dba Texas Tree Service ("Texas Tree Service"), which is a commercial and residential tree maintenance company.

10. At all times relevant to this action, Defendant Eddy owned and operated Trophy Ridge Ranch, an exotic hunting ranch and lodge located at 3701 Highway 41, Mountain Home, Texas 78058.

11. Defendant Eddy hired Plaintiff Galvan in approximately May 2019 to work for Texas Tree Service. Plaintiff Galvan's primary job duties at Texas Tree Service included cutting and trimming trees at residential and commercial job locations, loading tree branches and trimmings onto a company truck, and driving the loaded truck back to Defendants' shop.

12. Each winter season of Plaintiff Galvan's employment, from approximately December through March, Defendants also employed Plaintiff Galvan to work at Trophy Ridge Ranch. Plaintiff Galvan's primary job duties at Trophy Ridge Ranch included performing maintenance work on the property and cutting and trimming the trees on the Trophy Ridge Ranch premises.

13. Each winter season of Plaintiff Galvan's employment, from approximately December through March, Plaintiff Galvan worked at both Trophy Ridge Ranch and at Texas Tree Service. Plaintiff Galvan continued to clock in and out for his work at the Texas Tree Service office, regardless of which job site he worked at on a given day.

14. Defendant Eddy also employed Plaintiff Galvan to perform landscaping, construction, and maintenance work for his personal properties located in Port Aransas, Texas, including his personal home located at 1020 Whispering Sands St., Port Aransas, Texas 78373.

15. Defendant Eddy hired Plaintiff Naumann in approximately August 2021 to work for Texas Tree Service. Plaintiff Naumann's primary job duties at Texas Tree Service included loading tree branches and trimmings onto a company truck at residential and commercial job locations and driving the loaded truck back to Defendants' shop.

16. In or around October or November of 2021, Defendants began employing Plaintiff Naumann to also work at Trophy Ridge Ranch. Plaintiff Naumann's primary job duties at Trophy Ridge Ranch included performing maintenance work on the property and purchasing and hauling supplies for the ranch.

17. From around October or November of 2021 to August 2022, Plaintiff Naumann worked at both Trophy Ridge Ranch and at Texas Tree Service. Plaintiff Naumann continued to clock in and out for his work at the Texas Tree Service office, regardless of which job site he worked at on a given day.

18. At all times relevant to this lawsuit, Plaintiffs were "employees" of Defendants as that term is defined in 29 U.S.C. § 203(e) and § 62.002(5) of the Texas Labor Code.

19. At all times relevant to this lawsuit, Plaintiffs were employed by an "enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by 29 U.S.C. § 203(s)(1).

20. At all times relevant to this action, Defendants' business had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, by any person.

21. In performing their work hauling tree branches and trimming debris to Defendants' shop, Plaintiffs handled goods imported from other countries and states, such as

tools, materials, and equipment including, for example, tractors, skid-steer tractors, chainsaws, wood chippers, stump grinders, and trucks.

22. In performing their maintenance work at Trophy Ridge Ranch, Plaintiffs handled goods imported from other countries and states, such as tools, materials, and equipment including, for example, tractors and hand tools.

23. At all times relevant to this action, Defendants' business had an annual gross volume of sales made or business done in excess of $500,000, exclusive of excise taxes at the retail level which are separately stated.

24. At all times relevant to this lawsuit, Defendant Eddy was a member and/or officer of, and had operational control over, Defendant Texas Tree Service.

25. At all times relevant to this lawsuit, Defendant Eddy exercised control over the terms and conditions of Plaintiffs' employment. For example, Defendant Eddy hired Plaintiffs, set their rates and methods of pay, assigned their work, and maintained their employment records.

26. Throughout the relevant period, Plaintiffs regularly worked between 50 and 60 hours per week for Defendants, and sometimes more. Plaintiffs generally worked five or six days per week, frequently working between nine and ten hours per day.

27. Defendants paid Plaintiffs on an hourly basis. During the relevant period, Defendants paid each Plaintiff between approximately seventeen and twenty dollars per hour.

28. Defendants normally paid Plaintiffs weekly. Defendants paid Plaintiffs by checks issued by Defendant Eddy Enterprises, LLC for the first 40 hours that each Plaintiff worked in a workweek. Defendants paid Plaintiffs in cash for all hours beyond 40 that each Plaintiff worked each workweek.

29. Defendants paid Plaintiffs in this same manner, regardless of which job site(s) they worked at in a given workweek.

30. Throughout the relevant period, Defendants never paid Plaintiffs the required overtime rate of time-and-one-half pay for hours they worked in excess of 40 hours each workweek. Instead, Defendants paid Plaintiffs only their regular hourly rate (their "straight time" rate), regardless of how many hours they worked in a workweek.

31. On multiple occasions in or around March through May 2022, and in or around September 2022, Defendants made illegal deductions for lost or damaged company equipment from Plaintiff Galvan's wages, resulting in further failure to pay Plaintiff Galvan his promised rate of pay for all hours worked and failure to pay the required overtime rate of time-and-one-half pay for hours he worked in excess of 40 during those workweeks.

32. On multiple occasions in or around November and December 2021, Defendants made illegal deductions for lost or damaged company equipment from Plaintiff Naumann's wages, resulting in further failure to pay Plaintiff Naumann his promised rate of pay for all hours worked and failure to pay the required overtime rate of time-and-one-half pay for hours he worked in excess of 40 during those workweeks.

33. Defendants also failed to pay Plaintiff Galvan at all for his last week of work in October 2022, resulting in a failure to pay Plaintiff Galvan his promised rate of pay for all hours worked, failure to pay at least the minimum wage for all hours worked, and failure to pay the required overtime rate of time-and-one-half pay for hours he worked in excess of 40 during that workweek.

34. At all times relevant to this lawsuit, Defendants knowingly, willfully, or with reckless disregard, carried out their illegal pattern or practice of failing to pay minimum wage and overtime compensation due to Plaintiffs.

## FIRST CAUSE OF ACTION
### (FLSA Minimum Wage and Overtime)

35. The above-described actions by Defendants violated Plaintiffs' overtime pay and minimum wage rights under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for which Plaintiffs are entitled to relief pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (Breach of Contract)

36. The above-described actions by Defendants violated Plaintiffs' right to receive their promised wages for all hours worked, for which Plaintiffs are entitled to relief pursuant to the common law of Texas, including reasonable attorney's fees pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code.

37. Plaintiffs have fulfilled all prerequisites and/or requirements to bringing this suit and obtaining the relief sought herein.

## THIRD CAUSE OF ACTION
### (Texas Minimum Wage Act)

38. The above-described actions by Defendants violated Plaintiff Galvan's minimum wage rights under the TMWA, for which Plaintiff is entitled to relief pursuant to Texas Labor Code § 62.201 and § 62.205.

**PRAYER FOR RELIEF**

Wherefore, premises considered, Plaintiffs respectfully request that Defendants be cited to appear and answer herein, and that upon final hearing, the Court grant Plaintiffs relief as follows:

a.  Declare Defendants in violation of the Fair Labor Standards Act;

b.  Declare Defendants in violation of the Texas Minimum Wage Act and in breach of contract;

c.  Award Plaintiffs their unpaid overtime wages;

d.  Award Plaintiff Galvan his unpaid minimum wages;

e.  Award Plaintiffs liquidated damages in an amount equal to their unpaid minimum and overtime wages;

f.  Award Plaintiffs their unpaid contract wages;

g.  Award Plaintiffs reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), Texas Labor Code § 62.205, and Chapter 38 of the Texas Civil Practice and Remedies Code;

h.  Award Plaintiffs Pre-Judgment and Post-Judgment interest, as provided by law; and

i.   Such other relief as this Court deems just and proper.

Respectfully submitted,

By:    EQUAL JUSTICE CENTER

/s/ Caitlin Boehne
**CAITLIN BOEHNE**
Texas State Bar No. 24075815
Email: cboehne@equaljusticecenter.org

**EQUAL JUSTICE CENTER**
314 E. Highland Mall Blvd., Ste. 401
Austin, Texas 78752
Tel.: (512) 474-0007 ext-110
Fax: (512) 474-0008

**DUCHOANG DANIEL PHAM**
Texas State Bar No. 24116900
Email: dpham@equaljusticecenter.org

**EQUAL JUSTICE CENTER**
5373 W. Alabama St., Ste. 553
Houston, Texas 77056
Tel.: (832) 441-4787

**ATTORNEYS FOR PLAINTIFFS**